UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 3:19-cv-325 (JAM) |
| | : | |
| BRYAN COOPER *et al.*, | : | |
| *Defendants.* | : | |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Francisco Hernandez is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging that he was subject to an unlawful strip search and false arrest. In accordance with my duty to conduct an initial review of the complaint before it may be served on the defendants, I conclude that the strip search claim should proceed but that the false arrest claim must be dismissed.

BACKGROUND

Hernandez names four defendants: the Stamford Police Department, and three members of the Stamford Police Department's Narcotics and Crime Unit: Officer Bryan Cooper, Officer Connelly, and Officer Pennoyer. Hernandez asserts claims for an unconstitutional strip search and failure to intervene to prevent the search.

The complaint alleges the following facts that I assume to be true solely for purposes of this ruling.[1] On October 23, 2018, Hernandez was walking down the street in Stamford when he

---

[1] I will describe the allegations as set forth in Hernandez's initial complaint. Doc. #1. Although Hernandez has also filed a supplemental document titled "Amended Complaint" (Doc. #12), it does not contain any new factual allegations other than those stated in the initial complaint.

saw a friend. The two men briefly spoke in the parking lot of 1 Southfield Avenue. Doc. #1 (¶ 1). Officer Connelly approached the men in an unmarked car and asked for identification. *Id.* (¶¶ 2-3).

Officer Connelly ran their names and discovered that there was an outstanding warrant for Hernandez's arrest. Hernandez asked to see the warrant, but Officer Connelly refused. *Id.* (¶ 3). As Hernandez was speaking with Officer Connelly, Officers Pennoyer and Cooper approached him from behind and handcuffed him with his hands behind his back. *Id.* (¶ 4).

Officer Cooper conducted a strip search of plaintiff in the parking lot. He unzipped plaintiff's jacket, untucked his shirt, opened his pants, and searched plaintiff's buttocks and genital area with his bare hands. *Id.* (¶ 5). While Officer Cooper was attempting to force his hand between plaintiff's buttocks he made rude sexual remarks. *Id.* (¶ 6). Officers Pennoyer and Connelly were laughing and encouraging Officer Cooper. *Ibid.* The search lasted about twenty minutes. *Id.* (¶ 7).

Officer Connelly called for a transport vehicle. Officer Cooper escorted plaintiff to the back of the vehicle. He roughly pushed Hernandez into the vehicle but then immediately pulled him out and conducted a second strip search of Hernandez's buttocks and genitals, again accompanied by rude sexual remarks. *Ibid.*

Officer Cooper reached into the back of the transport vehicle and retrieved a clear plastic baggie containing white and blue substances, and Hernandez claims that this evidence was planted by the police. *Id.* at 7 (¶¶ 8-9). Hernandez seeks money damages on grounds that that he was subject to a "gruesome" experience, that he was "deprived of my dignity in a degra[d]ing and emasculated manner in the public eye," as well as "being incarcerated with trumped up charges for the possession of narcotics that did not belong to me." *Id.* at 7.

**DISCUSSION**

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the compliant, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

*Strip search*

The Fourth Amendment protects an arrestee against an unreasonable strip search. *See Sloley v. VanBramer*, --- F.3d ---, 2019 WL 6765762, at *4-5 (2d Cir. 2019). Although the Fourth Amendment allows the police to conduct a search of a suspect incident to the suspect's arrest, a strip search is not an ordinary search, and such a search must be justified by at least an individualized reasonable suspicion that the suspect is concealing weapons or other contraband in manner that makes the search necessary. *Id.* at 5.

The gravamen of the complaint alleges that Hernandez was subject to a strip search

3

without reasonable suspicion. Even assuming the search to have been predicated on reasonable suspicion, the complaint alleges that both searches were done in a sexually gratuitous manner, that the first search was unnecessarily prolonged to approximately 20 minutes in length, and that the second search was altogether duplicative and unnecessary.

These facts are enough to allow Hernandez to proceed on his Fourth Amendment claim against Officer Cooper. He has likewise alleged enough facts against Officers Pennoyer and Connelly who allegedly encouraged Officer Cooper to engage in the improper searches. *Id.* at \*12 (noting duty of an officer to intervene to prevent co-officer's violation of a person's rights if the officer had a realistic opportunity to intervene).

Accordingly, I will allow Hernandez's Fourth Amendment claim to proceed against Officers Cooper, Pennoyer, and Connelly. This preliminary ruling is without prejudice to the right of the officers once served with the complaint to file a motion to dismiss for failure to state a claim if they believe that the complaint does not adequately allege a claim or that they are entitled to qualified immunity on the basis of the facts alleged in the complaint.

*False arrest*

Hernandez alleges that he was subject to false arrest for drugs that he did not possess. According to the State of Connecticut Judicial Branch website, however, Hernandez has entered a plea of guilty on June 28, 2019, to a charge of possession with intent to distribute narcotics arising from his arrest on October 23, 2018.[2]

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for

---

[2] *See* State of Connecticut Judicial Branch, Criminal/Motor Vehicle Convictions Search by Defendant, https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (Dkt. No. S01S-CR18-0195264-S for Hernandez, Francisco) (last accessed December 13, 2019).

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. The reason for this rule is to ensure that prisoners do not use federal lawsuits under section 1983 to circumvent ordinary state procedures for challenging a conviction or sentence by means of an appeal or petition for writ of habeas corpus. Thus, if a determination favorable to a plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," *id.* at 487, a plaintiff must first prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983.

If I were to rule that the officers planted the evidence against Hernandez as he claims, this would necessarily imply the invalidity of his conviction. In the absence of any indication that Hernandez's narcotics conviction stemming from his arrest has been vacated or overturned, the rule of *Heck v. Humphrey* bars his claim for false arrest. Accordingly, I will dismiss Hernandez's claims for false arrest.

### *Claims Against Stamford Police Department*

The complaint names the Stamford police department as a defendant. A municipal police department is not an entity that is subject to suit under 42 U.S.C. § 1983. *See Watrous v. Town of Preston*, 902 F. Supp. 2d 243, 255 (D. Conn. 2012); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163 (D. Conn. 2005). Accordingly, I will dismiss all claims against the Stamford police department.

## CONCLUSION

In accordance with the Court's initial review, the case shall proceed only on the Fourth Amendment unreasonable search claim against Officers Cooper, Pennoyer, and Connelly.

The Court enters the following orders:

(1) The Court DISMISSES Hernandez's Fourth Amendment claim for false arrest, and all of Hernandez's claims against the Stamford Police Department;

(2) The Clerk shall mail a waiver of service of process request packet containing the Complaint, Amended Complaint, and this Order to defendants Stamford Police Officers Bryan Cooper, Connelly, and Pennoyer at the Stamford Police Department, 805 Bedford St., Stamford, CT 06901, within twenty-one (21) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) The Clerk shall send plaintiff a copy of this Order.

(3) The defendants shall file their response, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address. Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(8) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

It is so ordered.

Dated at New Haven, Connecticut this 16th day of December 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge